**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
(Northern Division)

| | |
|---|---|
| BALTIMORE NEIGHBORHOODS, INC. *<br>a not-for profit Maryland corporation<br>2530 N. Charles Street          *<br>Baltimore, Maryland  21218,<br>                                                  *<br>        and<br>                                                  *<br>TENYEH DIXON<br>2406 Marbourne Ave.               *<br>Baltimore, Maryland  21230,<br>                                                  *<br>        and<br>                                                  *<br>MILLER J. ROBERTS, III<br>3715 Yolando Road                    *<br>Baltimore, Maryland  21218,<br>                                                  *<br>        Plaintiffs,<br>                                                  *<br>    v.                                            | Civil Action No. _____ |
|                                                  *<br>HOME PROPERTIES<br>MIDDLEBROOKE, LLC             *<br>a limited liability corporation<br>6 Garrison View Road               *<br>Owings Mills, Maryland 21117,<br>   Serve on:                               *<br>        The Corporation Trust Incorporated<br>        351 West Camden Street    *<br>        Baltimore, Maryland 21201,<br>                                                  *<br>        Defendant. | |

*   *   *   *   *   *   *   *   *   *   *   *   *   *

**COMPLAINT**

### I. Introduction

1.  Two individuals and a fair-housing organization bring this suit alleging that the defendant, who owns and operates a complex of apartment buildings and town homes known as "Middlebrooke" in Carroll County, Maryland, engages in a pattern and practice of racial discrimination. Plaintiff Baltimore Neighborhoods, Inc. ["BNI"] has monitored Middlebrooke management by sending teams of white and black "testers" to inquire about apartment availability. Uniformly, defendant's agent told the black testers that only one vacancy existed, when, in fact, that was not true, as proven by the information given white testers. Plaintiffs, consequently, seek injunctive relief as well as compensatory and punitive damages against defendant.

### II. Subject-Matter Jurisdiction

2.  Subject-matter jurisdiction exists in this case pursuant to 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 3613.

### III. The Parties

3.  Plaintiffs Miller J. Roberts, III and Tenyeh Dixon are African-American citizens of the United States and residents of the Baltimore metropolitan area who have been injured by defendant in the manner set forth below.

4.  Plaintiff BNI, a not-for-profit Maryland corporation, located at 2530 N. Charles Street, Baltimore, MD 21218, is a membership organization founded in 1959. Its network includes over 5,000 individuals who live throughout the Baltimore metropolitan area.

5. One of BNI's primary purposes is the promotion of equal housing opportunities for all people in the Baltimore metropolitan area. Its goals include the elimination of unlawful discriminatory housing practices that cause injury to its members and to all persons who seek to rent or buy housing units in the Baltimore metropolitan area.

6. BNI undertakes numerous programs and activities to assure to all such persons, including African Americans, a fair and open housing market and the enjoyment of the social, educational, professional, business, economic and political benefits of an open housing market. Among other things, BNI:

    (a) assists and aids individuals through counseling, referrals and other such services to obtain equal access to housing throughout the Baltimore metropolitan area without regard to race, color, religion, national origin, handicap, sex, or familial status;

    (b) receives and investigates allegations of housing discrimination;

    (c) conducts routine tests of the sale and rental of housing to determine whether equal treatment of minorities and others is provided, and actively monitors and investigates discriminatory housing practices;

    (d) takes steps to counteract and eliminate discriminatory practices, including a legal program whereby complaints are filed with government enforcement agencies and lawsuits are filed with the courts;

    (e) acts as a local and regional advocate of equal housing opportunities, seeking to educate the public, governmental officials and the housing industry; and

    (f) conducts fair housing training seminars and other outreach activities in response to requests to educate members of the housing industry about their obligations under the fair housing laws.

7. On information and belief, defendant Home Properties Middlebrooke, LLC owns and operates Middlebrooke Apartments and Town Homes in Carroll County, Maryland. By the acts described below, it has caused injury to plaintiffs.

### IV.  Factual Allegations

8. In August 2010, BNI sent teams of white and black testers to evaluate Middlebrooke's admissions policies with respect to treatment of the two races.

9. This testing revealed that white applicants seeking to live at Middlebrooke were told of twelve or fourteen specific current or upcoming vacancies, while each African-American applicant was told of only one.

10. Upon information and belief, the operators of Middlebrooke intentionally gave African-American testers false information and incorrectly informed them that fewer housing opportunities existed at Middlebrooke.

11. The operators of Middlebrooke intentionally gave the testers this disparate treatment in order to discourage African Americans from living at Middlebrooke.

12. As a consequence of defendant's acts, the plaintiff testers have suffered and continue to suffer serious harm.

13. Defendant's intentional, wanton and willful discriminatory practices have directly and adversely affected BNI's discrete activities and programs, including its counseling and referral program and its efforts to promote compliance with the Fair Housing Act, both for its members and others; they have also forced BNI to devote scarce resources to identify and counteract the defendant's discriminatory practices, thereby diverting BNI's resources from other programmatic activities.

### V.  Violation of the Fair Housing Act

14. Plaintiffs hereby incorporate by reference the allegations of paragraphs 1 to 13, *supra*.

15. By making a dwelling unavailable to the plaintiff testers of BNI due to their race, discriminating against them in the sale or rental of a dwelling, and representing to the tester plaintiffs that a dwelling was unavailable when, in fact, it was available, defendant has violated the Fair Housing Act, 42 U.S.C. § 3604.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs request this court to grant the following relief:

1. Declare that defendant -- by engaging in racial discrimination -- has violated the federal Fair Housing Act, 42 U.S.C. § 3604;

2. Enjoin defendant, its agents, representatives, employees, successors and assigns, and all persons in active concert and participation with it from discriminating on the basis of race in violation of 42 U.S.C. § 3604;

3. Award appropriate compensatory and punitive damages to each plaintiff from defendant;

4. Award plaintiffs reasonable costs and attorneys' fees against defendant; and

5. Order such other relief as the court deems just and proper.

Respectfully submitted,

/s/
C. Christopher Brown, Fed. Bar No. 01043
Laura G. Abelson, Fed. Bar No. 29363
BROWN, GOLDSTEIN & LEVY, LLP
120 Baltimore Street, Suite 1700
Baltimore, MD 21202-6701
Tel: 410-962-1030

*Counsel for Plaintiffs*